UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MITCHELL THOMAS,

                Plaintiff,

-against-

C.O. BAILEY #10470;
QUEENS COUNTY COURT;
RIKERS ISLAND,

                Defendants.
-----------------------------------------------------------X
MAUSKOPF, United States District Judge:

NOT FOR PUBLICATION

MEMORANDUM AND ORDER
10-CV-0051 (RRM)(SMG)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 22 2010
P.M.
TIME A.M.

On October 28, 2009, plaintiff Mitchell Thomas, incarcerated at the Otis Bantum Correctional Center on Rikers Island, filed this *pro se* action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of New York. By order dated December 16, 2009, the case was transferred here because plaintiff alleged that the events giving rise to his claim occurred in Queens County. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the complaint is dismissed as to the Queens County Court and Rikers Island. The complaint shall proceed as to defendant C.O. Bailey.

### Background

Plaintiff alleges that on October 9, 2009, while being held in the holding pen of the Queens County Courthouse, he was attacked by two inmates and that "during this assault the officer (Bailey ID. #10470) stood at the gate holding it open while these guys beat up on me and one [of] them cut me in my face." Compl. at 3, ¶ II D. Plaintiff further alleges that he requested to be taken to the hospital but that defendant Bailey refused. *Id.* Plaintiff alleges that he sustained head and back injuries and required eight stitches to his lower lip. *Id.* at 3, ¶ III.



**Standard of Review**

Under 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from officers or employees of a governmental agency and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). As plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and the Court is obliged to construe his pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest. *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006).

**Discussion**

Queens County Court and Rikers Island

Section 1983 provides, in relevant part:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . . 42 U.S.C. § 1983 (emphasis added).

It is well-settled that a court is not a "person" within the meaning of § 1983, *Zuckerman v. Appellate Division, Second Dep't, Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970). Furthermore, as an arm of the State of New York, the Queens County Court is immune from suit under the Eleventh Amendment. *Madden v. Vermont Supreme Court*, 8 Fed. Appx. 128, 129 (2d Cir. 2001) (citing *Zuckerman*, 421 F.2d at 626). Thus, the complaint is dismissed as to the Queens County Court pursuant to 28 U.S.C. § 1915A(b).

Similarly, Rikers Island is not a "person" within the meaning of § 1983. Furthermore, Rikers Island which is part of the New York City Department of Correction, an agency of the City of New York, cannot be sued independently. *Lauro v. Charles*, 219 F.3d 202, 205 n.2 (2d Cir. 2000); *see, e.g., Bailey v. New York City Police Dep't*, 910 F.Supp.116, 117 (E.D.N.Y. 1996); N.Y.C. Charter, Ch. 17, § 396. Thus, the action as to Rikers Island is dismissed pursuant to 28 U.S.C. § 1915A(b).

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed as to defendants Queens County Court and Rikers Island. 28 U.S.C. § 1915A(b). No summons shall issue against these defendants.

The complaint shall proceed as to defendant C.O. Bailey #10470. The Clerk of Court is directed to prepare a summons and the United States Marshals Service is directed to serve a copy of this order, the summons and complaint upon this defendant without prepayment of fees. A copy of this order shall be served on the Corporation Counsel for the City of New York, Special Federal Litigation Division. This case is referred to the Honorable Steven M. Gold, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
February 19, 2010

ROSLYNN R. MAUSKOPF
United States District Judge